Donnelly Unemployment Compensation Case.

24

Argued March 20, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*W. J. C. O'Donnell,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY CARR, J., July 17, 1956:

This is an appeal from an order of the Unemployment Compensation Board of Review holding the claimant ineligible for benefits under section 402 (e) of the Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, Art. IV, Sec. 402 as amended, 43 P.S. 802 (e). Reversing the findings of the referee and affirming the bureau, the board concluded that his

continued absences after repeated warnings indicated a deliberate disregard of the standards of behavior which an employer has the right to expect of an employee, and disqualified him from receiving compensation benefits. The board made the following findings of fact and conclusions of law:

1. Claimant was last employed approximately 8½ years as a pipe fitter by B. F. Goodrich Company, Oaks, Pennsylvania. His last day of work was May 1, 1954.

2. Claimant was frequently warned both in writing and verbally relative to his excessive absenteeism and was suspended twice for his poor attendance record.

3. During the year 1953 claimant was absent 55 days and up to May 11, 1954 was absent 22 days. Most of these absences were with notice but several were unreported.

4. The claimant was absent on Monday, May 3, 1954, and when no report was received from him a representative of the personnel office called at his home and found him in bed. Claimant stated he expected to return to work the next day. However, he failed to report on Tuesday, May 4th, or Wednesday, May 5th.

5. On May 5, 1954, a company representative called again at the claimant's home and claimant admitted that he had not seen a doctor. He stated he didn't feel like going to work, he was still nervous and sick. Having still failed to report as of May 11th, he was dropped from the payroll.

Section 402 (e) of the Unemployment Compensation Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

There is no finding by the board from which we can determine whether or not his absence constituted willful misconduct within the meaning of the act.

The board has found and indeed the parties have not denied that claimant was absent from his employment during the period in question but has made no finding concerning the reason for his absence.

The claimant admitted that he had been warned about his absences but explained that he was ill and unable to work. He testified that although he did not report on Monday, May 3, 1954 he called the guard house or the nurse each day after that until he was discharged on May 11, and that his employer knew he was absent on account of illness because a representative of the company had called on him on May 3 and May 5, 1954.

The real issue in this case is whether claimant's absence from May 3 through May 11, 1954 was justified because of illness. The facts of this case are very similar to the facts in the *Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, in which Judge GUNTHER said, "It is clear that she was fired because her health interfered with her work and caused problems for appellant. Although appellant may have been justified in discharging her, her explainable absences do not thereby become willful misconduct, which has been defined as willful disregard of the employer's interest or rules or the standard of conduct the employer has a right to expect. *Luciano Unemployment Compensation Case,* 169 Pa. Superior Ct. 155, 82 A. 2d 600. Absence without justifiable cause has been held to constitute willful misconduct. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639. Likewise, repeated absence due to illness in the face of warnings by the employer, might constitute misconduct

if the employe failed to give notice. But here is a case where claimant had justifiable cause for absence, and gave notice to her employer of her illness. We cannot say that her failure to call in on both Thursday and Friday was necessarily an intentional disregard of the employer's interest or a violation of the standard of conduct he could rightfully expect. Perhaps an employe should preferably call in each day during an illness, but the failure to do so after notice on the first day does not necessarily show that state of mind or disregard tantamount to willful misconduct."

It is the duty of the board as the fact finding body to resolve conflicts in the evidence and determine the credibility of witnesses. Section 510 of the Unemployment Compensation Law, 43 P.S. 830, provides that in any appeal to the Superior Court the findings of the board or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the Court shall be confined to conclusions of law. It was therefore necessary for the board to make findings of fact from which it could be determined whether or not claimant's absence was or was not justified. This Court is bound by the findings of the board but cannot infer findings not actually made. A mere review of the testimony of a witness or a conclusion of law does not constitute a finding of fact. See *Gavula vs. Sims Co.*, 155 Pa. Superior Ct. 206.

The decision of the board is vacated and the record is remitted for further consideration, the making of requisite findings of fact and the entry of a proper order.