## Hallett Unemployment Compensation Case.

Argued March 6, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas P. Kennedy,* with him *John R. Lenahan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., June 15, 1961:

In this unemployment compensation case, the Board of Review found that during an employment of nine months with his last employer, Mountain Rest, Inc., the claimant had a record of thirty-nine and one half days absence, all but two unauthorized and unreported. It also found that on the day of his discharge, just before his working day was to begin, he told the employer's representative at the premises that he was taking his car to the garage for repairs; that he left the premises and did not return that day; that he could have had his car repaired during his time off and that he could have left his car and reported to work by the available transportation; and that he was discharged because of his long history of absenteeism and his unauthorized absence on the day of discharge.

1. Claimant argues that there was a lack of competent evidential basis for the board's findings as to

the event which precipitated his discharge on March 24, 1960. However, all of these findings have support in the testimony.

Claimant argues further that the board drew the unwarranted conclusion that this absence was unauthorized. On this the claimant testified that he told the nurse, who was then in charge, that he was leaving to have his car fixed and that she did not say that he should not go. However, this is not necessarily equivalent to permission and in view of the testimony of Mr. Tyler and Mrs. DeLeo, representing the employer, the question of whether the absence was unauthorized was for the board. Its determination that this absence was unauthorized had a sufficient basis in the record.

2. The claimant argues that the board failed to find the reason for his absences prior to the day of his discharge and cites *Donnelly Unemployment Compensation Case*, 182 Pa. Superior Ct. 23, 124 A. 2d 386 (1956).

In the *Donnelly* case, however, the board found that most of the absences were with notice to the employer, although several were not. In this case the board found that all but two of the claimant's thirty-nine and one half days of absence were unreported and there is testimony that he had been warned that he must notify the employer of intended absences. Under such circumstances, nothing would be gained here by a determination as to the reason for the absences, since the failure to report so many absences is in itself wilful misconduct without regard to the cause of the absence, at least when no excuse is given for the failure to report the intended absences.

The Court said in the *Donnelly* case that the real issue was whether claimant's absence from May 3rd to May 11th, the date of the discharge, was justified because of illness. The immediate cause of the discharge was for his absence on these dates which claimant said

was due to illness. The claimant testified that although he did not report on May 3rd, he reported every day thereafter during this nine-day period. The court held that under these circumstances the case should be remanded for findings from which it could be determined whether his absence was justified.

In the case before us, the immediate cause of discharge was an unauthorized absence which was not the consequence of illness or other good cause, and the board found that there were many prior unreported absences. The two situations are not comparable.

Decision affirmed.