Sun Shipbuilding & Dry Dock Company, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 11, 1973, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Andrew J. Forbes,* with him *Cramp, D'Iorio, Mc-Conchie & Surrick,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 18, 1973:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) granting Claimant-Employee benefits.

On January 13, 1971, Claimant was released from his job with Sun Shipbuilding & Dry Dock Company (Appellant) because he had received his third "pink slip."[1] The reason given Claimant for receiving his third pink slip and therefore his discharge was "loafing" on the job.

Claimant's application for unemployment compensation benefits was initially denied by the Bureau of Employment Security, a Referee and the Board. However, after Petition by the Claimant, agreement of the Board and Order of this Court, the record of this case was remanded for the purpose of taking additional testimony. In light of the new testimony presented, the Board granted Claimant benefits.

---

[1] "Pink slips" are warnings given to those employees who, in Appellant's estimation, are not abiding by established working rules and procedures. The recipient of a "pink slip" can question the issuance of such a slip through union grievance procedures.

It was a published rule of the Appellant that any employee receiving three pink slips would be discharged.

Appellant now comes to us.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e), (Law) provides that a Claimant shall be ineligible for compensation any week in which his unemployment is due to his discharge or suspension from work for "willful misconduct" connected with his work.

Although "willful misconduct" is not defined by the Law, case law has determined that the term includes an act of wanton or willful disregard of the employer's interests, a deliberate violation of employer's rules, a disregard for the standards of behavior which an employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 213 A. 2d 221 (1965) ; *Curran Unemployment Compensation Case*, 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

Appellant contends that Claimant was absent from his work station for forty-five minutes, and that this behavior constitutes "loafing" under Appellant's rules, and "willful misconduct" under the law.

Claimant, however, testified, in response to Appellant's contentions, that during the forty-five minutes in question, he was either within three feet of his work station warming his hands at an open fire provided by Appellant or at the men's room.

In an unemployment compensation appeal, findings of the Referee or Board, if supported by the evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of a reviewing court is confined to questions of law. *U. S. Steel Corporation v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 206, 303 A. 2d 852 (1973).

Appellant and Claimant here provided the Board with different versions of the facts leading up to and culminating in his dismissal for "loafing." Keeping in mind that the credibility of witnesses, weight of their testimony, and reasonable inferences to be drawn from such testimony are for the Board, *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972), our independent review of the record reveals that the Board's findings of fact are substantiated by the evidence and must be affirmed.

We have reviewed the Appellant's other arguments and have determined they are also without merit and bear no further discussion.

### ORDER

AND Now, this 18th day of October, 1973, the Order of the Unemployment Compensation Board of Review dated May 16, 1972, is hereby affirmed.