Dr. James Shira, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jay L. Benedict,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 31, 1973:

This is an appeal filed by Dr. James Shira from an order of the Unemployment Compensation Board of Review (Board) awarding compensation to Sheila R. Mellott.

Mrs. Mellott had been employed by Dr. Shira as a dental technician for approximately three and one-half years. This employment was terminated on June 11, 1971, at which time she was in her sixth month of pregnancy.

Mrs. Mellott, on November 7, 1971, more than thirty days after the birth of her child, applied for unemployment compensation benefits and was found to be eligible by the Bureau of Employment Security. Dr. Shira appealed this determination. An Unemployment Compensation referee was assigned the case and after a hearing, the referee concluded that Mrs. Mellott was not eligible for benefits because at the time of her application she was not able to work and available for work as required by Section 401(d) of the Unemployment Compensation Act, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §801(d).

Mrs. Mellott appealed to the Board, and on November 20, 1972, the decision and order of the Board reversed the referee and awarded her benefits. This appeal followed and we affirm.

Dr. Shira argues, *inter alia,* that the Board erred in its findings of fact. Our scope of review in unemployment cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the

Board. Furthermore, the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *See James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

The sole issue before this Court in regard to the Board's findings is whether they are supported by the evidence. The findings which Dr. Shira contests are the following: "3. Claimant was willing and able to continue her employment even though she was in her sixth month of pregnancy." and "4. Claimant is able and available for work as certified to by her physician." Both these findings are supported by substantial evidence in the record and are therefore binding upon this Court. *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A. 2d 782 (1973).

Dr. Shira also argues that the Board erred in concluding that Mrs. Mellott was genuinely and realistically attached to the labor force, and therefore "able to work and available for work" as required by Section 401(d) of the Act, 43 P.S. §801(d). A claimant, to be available for work, must actually be currently attached to the labor force. *See Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973). Under Section 401(d) it is sufficient if a claimant is able to do some kind of work and there is a reasonable opportunity for one to obtain work in the vicinity of his habitation. *Quiggle Unemployment Compensation Case*, 172 Pa. Superior Ct. 430, 94 A. 2d 367 (1953). We find that Mrs. Mellott was able to work and available for work under this test.

It is true that Mrs. Mellott testified that she had not really called anyone concerning a job; however, she testified that she had asked other dental assistants if

they knew of any openings, and that this was the usual procedure for securing jobs of this type.

In addition, Mrs. Mellott's filing of her claim for benefits was tantamount to registering for work. This registration, coupled with her doctor's certification of availability for work, established a prima facie presumption of availability which was not rebutted by Dr. Shira. *See Pulver Unemployment Compensation Case,* 207 Pa. Superior Ct. 112, 215 A. 2d 269 (1965).

Therefore, the Board was correct in concluding that Mrs. Mellott satisfied the availability requirement of Section 401(d).

Finally, Dr. Shira urges this Court to deny compensation to Mrs. Mellott by a finding, contrary to both the referee and the Board, that her pregnancy was wilful misconduct under Section 402(e), Act of December 5, 1936, 43 P.S. §802(e). This we cannot do.

Although Section 402(e) of the Act does not define the term "wilful misconduct," the courts have established a workable definition. In *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965), wilful misconduct was defined as: "[A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." We hold that an employe's pregnancy cannot be construed as wilful misconduct as this term has been defined by the courts. Sections 401 (d) and 402(f) of the Act, in specifically regulating when employes discharged or laid off because of pregnancy can collect benefits, make it clear that the Legislature intended that such employes were entitled to

compensation, and were not to be totally excluded as a consequence of pregnancy.

For the above reasons the order of the Board must be affirmed.

Order affirmed.