Louis Frumento, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee, and Dominick Staffieri, Inc., Intervening Appellee.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Marvin F. Galfand,* with him *Dragon, Verlin & Galfand,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

*John C. Wright, Jr.,* for intervening appellee.

OPINION BY JUDGE MENCER, February 20, 1974:

This is an appeal by Louis Frumento from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits.

Frumento had been employed by Dominick Staffieri, Inc. (employer), as a compressor truck driver for approximately three years. In January of 1972, Frumento advised his employer that he had been elected judge of election and that it would be necessary for him to miss work on primary and general election days. The employer then told Frumento that permission for missing work on these two days would depend on the volume of work at the time. On April 24, 1972, Frumento advised his employer that he would miss work the next day, which was primary election day. His employer refused to give Frumento the day off and warned him that he would be discharged if he did not come to work. Frumento did not report for work and was discharged.

Frumento's application for unemployment compensation benefits was denied by the Bureau of Employment Security on the basis that his discharge resulted from his wilful misconduct. This determination was reversed by a referee upon appeal by Frumento. The referee's determination was then reversed by the Unemployment Compensation Board of Review which found Frumento ineligible to receive benefits because his discharge was for wilful misconduct. Frumento then brought the present appeal.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). The sole issue presented by this appeal is a question of law; namely, whether or not Frumento's refusal to work on primary election day because he was judge of election is wilful misconduct.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Although Section 402(e) does not define the term "willful misconduct," we have accepted the definition approved in *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) : " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' " *See Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A. 2d 840 (1973).

Frumento's refusal to work as ordered by his employer, by itself, clearly fits the above definition. However, Frumento argues that his refusal to work does not constitute wilful misconduct because he had a duty to serve as judge of election and, therefore, a sufficient reason for disobeying his employer's order.

Although it is true that absence from work with *good cause* does not constitute wilful misconduct (*Kelleher v. Unemployment Compensation Case,* 175 Pa. Superior Ct. 261, 104 A. 2d 171 (1954)), we find that, under the circumstances of this case, Frumento's refusal to work and subsequent absence were without good cause.

Frumento volunteered to run for the position of judge of election even though he must have realized it would conflict with his job. He did not advise his employer of his intention to obtain this position until after he had been elected. We find that under these circumstances his refusal to work on primary election day was a wilful disregard of his employer's interest and therefore wilful misconduct under Section 402(e).

This Court recognizes that citizens should be encouraged to participate in the electoral process. However, we also recognize that such participation, when in conflict with the reasonable wishes of an employer, must be subordinate to the responsibilities incident to the employe's job.

### Order

And Now, this 20th day of February, 1974, the order of the Unemployment Compensation Board of Review in regard to the claim of Louis Frumento is hereby affirmed.