## Catherine F. Lipshutz, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Raymond J. Porreca,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 27, 1975:

This is an appeal by Catherine F. Lipshutz (claimant) from an order of the Unemployment Compensation Board of Review (Board) disallowing her application for unemployment compensation benefits. This court, in *Lipshutz v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 257, 303 A. 2d 231 (1973), vacated an earlier decision of the Board which had ruled against claimant and we remitted the record back to the Board for further proceedings. In *Lipshutz* we held that the Board erred because its findings heavily relied on the hearsay testimony of a representative of the employer rather than on the vital direct testimony of Mr. Stanford Frank, the employer, who did not personally testify.

In response to our order, the Board remanded the case to a referee who heard the vital additional testimony of Mr. Frank and who, after reviewing all of the testimony, issued a new opinion denying benefits to claimant.

In reviewing this case, we have kept in mind the well settled principle of law that our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions concerning credibility and the weight to be given the evidence are for the Board. *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Claimant contests the Board's denial of benefits pursuant to Section 402 (e) of the Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, Art. IV, *as amended*, 43 P.S. §802 (e), which provides that:

"An employee shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

In *Chambers v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 317, 319, 318 A. 2d 422, 423 (1974), we stated, when interpreting this section, that:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefit an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employe's duties and obligations to the employer."

The record discloses that claimant worked in various responsible clerical positions under Stanford Frank, executive officer of Frank's Beverages. For her two-week 1971 vacation plans, claimant contemplated a trip to Europe in August. Some months before her scheduled departure, claimant requested approval by Mr. Frank of her vacation plans. He gave her an indefinite response. As the months progressed, claimant and others occasionally reminded Mr. Frank of claimant's vacation plans and continued to request his approval. The alleged responses of Mr. Frank were as varied as the occasions of the requests. However, a careful reading of the record convinces us that all of his responses to the inquiries gave little likelihood of his granting permission.[1] Although

---

1. The responses of Mr. Frank to various questions at the hearing, concerning the occasions of his discussions with claimant, reveal the negative nature of his statements.

"She asked me quite a few times whether she would be able to take a vacation sometime in August and I specifically told her that I doubted it very, very much that I do not think that she would be able to get a vacation at that time."

claimant may have been misled by Mr. Frank's indefinite responses, the record clearly shows that she was asking for something which her employer had not yet approved and that she proceeded ahead with her plans despite the problem, hoping "that it would all work itself out."

In July, claimant received her vacation paycheck and paid the balance due on her trip. On her last day of work she told Mr. Frank that she would be away for the next two weeks. Mr. Frank advised claimant that if she did not report for work on Monday, it being the next work day, she would be leaving on her own accord. After her vacation, claimant promptly returned to work. She was informed that she had been discharged because of her unauthorized vacation.

Also, the testimony clearly shows that claimant had always been denied a vacation during the summer months and that most, if not all, of the other employees were similarly denied such requests. Mr. Frank considered summer to be the "busy time" in the beverage business. Also, this particular summer the company had recently moved into its new offices and was, at the time of claimant's vacation, not yet settled in its new surroundings. There is also unrebutted testimony that Mr. Frank offered claimant the opportunity to take her vacation after Labor Day.

----

. . . .

". . . I told her that there was very, very little chance that I would be able to leave her go at that time. I told that to her 3 or 4 times that I doubt it very, very much so.

. . . .

"She told me she was making some commitment plans and *I told her not to make her commitment plans* because I doubted it very much if she would be able to go at that period of time." (Emphasis added.)

Claimant's testimony confirms the fact that Mr. Frank responded to her requests in this manner. Testimony of another witness who consulted with Mr. Frank on behalf of claimant reveals more of a positive response by Mr. Frank. Yet once again, Mr. Frank hedged every response with an equivocation.

We conclude that the conduct of claimant as found by the Board, and as amply substantiated in the record, constitute such a "substantial disregard of the employer's interest" as to amount to "willful misconduct."

It is clear to us that claimant's refusal to return to work on Monday amounted to a deliberate and conscious violation of a direct order of the employer. In addition, his numerous warnings to claimant of the probable consequences of the pursuit of her summer vacation plans went unheeded.

Accordingly, we conclude that claimant was guilty of "willful misconduct" in disobeying the reasonable wishes of her employer. *See Frumento v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 64, 316 A. 2d 112 (1974); *Morgan v. Unemployment Compensation Board of Review*, 176 Pa. Superior Ct. 297, 106 A. 2d 618 (1954).

We, therefore, issue the following

ORDER

AND NOW, this 27th day of March, 1975, the order of the Unemployment Compensation Board of Review, dated January 11, 1974, relative to the claim of Catherine F. Lipshutz is hereby affirmed.