Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Margaret M. Reese, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Warren R. Baldys,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 27, 1976:

Appellant was discharged from her sales clerk position on October 18, 1974 for "insubordination." On October 20, 1974, appellant applied for unemployment compensation benefits which were denied by the Bureau of Employment Security. On appeal, and after a hearing, the referee affirmed the denial and was, in turn, affirmed by the Unemployment Compensation Board of Review. It is from this determination that the matter is now appealed to this Court.

The unemployment compensation claim was denied on the basis of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e), which

disqualifies a claimant who is unemployed due to his or her own willful misconduct. The referee's only finding of fact in regard to misconduct merely states:

"2. On October 17, 1974 the claimant was discharged for insubordiation, in that she refused to follow a direct order of her supervisor, after having been verbally warned regarding said course of conduct."

The record indicates at least three possible areas in which direct orders may have been violated by appellant: the refusal to sell cigarettes to persons under eighteen years of age, prohibited use of the telephone and threats to the manager. Unfortunately, the findings failed to specify the specific evidence of insubordination relied on in disqualifying appellant.

Appellant contends that there is no evidence to support a finding of willful misconduct.[1] In *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975), this Court was presented with the appeal of an unemployment compensation claimant disqualified on the basis of willful misconduct for "refusing to comply with a direct order of his employer." In that case, as in this case, the particular conduct constituting willful misconduct was not specified. There, as we must here, the Court remanded the case because it was impossible to properly review it without definitive findings vital to the determination of the claim. *See also Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

---

1. Whether appellant's contention is correct depends on what acts were found to constitute insubordination. Even appellee has admitted that if the insubordination were the refusal to sell cigarettes to persons under 18 and over 16 years of age, which appellant honestly believed to be required by law, benefits should have been granted. *See Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

Accordingly, we enter the following

ORDER

NOW, January 27, 1976, the record in the appeal of Margaret M. Reese is remanded to the Unemployment Compensation Board of Review for further actions and findings consistent with this opinion.