Carroll A. Lippy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Louella L. Lippy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Richard Thrasher*, for petitioners.

*Daniel Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

Opinion by President Judge Bowman, October 25, 1977:

These cases involve appeals from the Unemployment Compensation Board of Review (Board) and for the purpose of this opinion the appeals are consolidated since they entail virtually the identical fact situation. The petitioners, Carroll Lippy and Louella Lippy, are husband and wife. Both worked for Hanover Brands, Inc., as inspectors. In both of these cases the Board reversed the referee's decision and held that the petitioners were ineligible for benefits because they were properly discharged for willful misconduct.

The petitioners had duties which required them to inspect cans. If the seams of the cans were damaged, the cans were to be placed into a dumpster and destroyed. The petitioners, while employed as inspectors, removed some 120 damaged cans from the company premises to their home without authorization from their employer. The rules and regulations promulgated by the employer stated that immediate discharge shall result for "removal from the premises of any company property . . . without proper authorization."

The employer was informed that the petitioners had taken damaged cans from the premises. Being concerned about the health hazard caused by exposed food, the employer went to the home of petitioners to recover the damaged food cans. Petitioner-wife denied the employer access to the home. The damaged cans were recovered the next day when petitioner-husband permitted the employer to remove the goods. Both petitioners were discharged for their conduct.

The Board invokes Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e), which provides in part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

This concept of willful misconduct has been examined in *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299-300 (1972), wherein Judge KRAMER stated:

Unfortunately, the Legislature has not defined the phrase 'willful misconduct.' The appellate courts of this Commonwealth have endeavored to establish the standards to be applied in willful misconduct cases. As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

In addition, we note that the employer has the burden of establishing that a claimant is not eligible for benefits because of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Our scope of review here is limited to questions of law, and, absent fraud, to a determination as to wheth-

er the Board's findings are supported by the evidence. Questions of credibility and the weight to be given to the evidence are for the Board to determine. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A.2d 708 (1973).

Petitioners assert that this case should be controlled by the decision in *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). In *O'Keefe,* we held that an employe who had been discharged for appropriating and consuming stale pastries merchandised by his employer was not guilty of misconduct. *O'Keefe* is clearly distinguishable from the present case. In that case, none of the employes nor their superiors were cognizant that this common practice was in derogation of any company rule or policy. By contrast, petitioners as inspectors were, or should have been, fully aware of the pertinent rule prohibiting removal of company property from the premises. Moreover, we note the heightened employer interest in this case due to the potential health hazard present in damaged canned goods. Nor are we persuaded that petitioners' conduct was not willful misconduct under the statute even though it may not have risen to the level of an unlawful taking under the criminal law.

We conclude that the petitioners' actions constituted willful misconduct in connection with their work. Petitioner-wife participated in the removal of the damaged cans from the employer's premises and refused, at first, to allow the employer to remove the items from her home. Petitioner-husband initiated the removal of the goods from the employer's property contrary to the rules of the company. There is sufficient evidence in the record to support the Board's denial of benefits in each case.

256

### ORDER

AND Now, this 25th day of October, 1977, the orders of the Unemployment Compensation Board of Review relative to the claims of Louella L. Lippy and Carroll A. Lippy are hereby affirmed.