William F. McCann, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*David B. Washington,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 6, 1978:

William McCann has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying benefits on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature. *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1).

McCann was employed by the Breda Miller Freight System (Breda Miller) as a part-time dispatcher at the company's Millvale terminal. He had been hired by his son who was the terminal manager and was his supervisor. The Millvale terminal was closed and its operations moved to Canonsburg, Pennsylvania, some 36 miles distant. McCann never appeared for work at the new location. He filed a timely application for unemployment benefits alleging that Breda Miller had

effectively discharged him by failing expressly to offer him a position at the new location.[1] The referee found that there was continuing work available for McCann at the new site and that McCann had voluntarily terminated his employment because he didn't want to commute to the new location. The Board of Review affirmed the referee and we now affirm the Board of Review.

Where the party with the burden of proof lost, the scope of review of the record is limited to a determination of whether the findings of fact are supported by substantial evidence. *Lippy v. Unempoyment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 251, 378 A.2d 1048 (1977). McCann contends that there is no evidence supporting the finding that he quit his employment with Breda Miller because he did not think it worthwhile to commute to the new job site. On the contrary, the record shows that McCann reported to his son with respect to his work at Breda Miller and that the son was well aware that there was work available for McCann at the Canonsburg terminal. The son, called as a witness by McCann, testified: "He could have gone [to Canonsburg] if he wanted to. . . ." In addition, when asked by the referee, "Did you tell [Breda Miller] that your father would not be going [to Canonsburg] too?" McCann's son answered, "Yes, I told them that it was just too costly for parttime work."

Order affirmed.

ORDER

AND Now, this 6th day of June, 1978, the order of the Unemployment Compensation Board of Review dated October 28, 1976 is affirmed.

---

[1] The claimant has never asserted that he voluntarily left his work for cause of compelling or necessitous nature.