580 A.2d 460

**Thelma CHANDLER, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 1990.

Decided Sept. 19, 1990.

Paul A. Lockrey, Philadelphia, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO, BYER and, BARBIERI, Senior Judge.

BYER, Judge.

Thelma Chandler (Chandler) appeals from an order of the Unemployment Compensation Board of Review (board) affirming the referee's denial of trade readjustment allowance (TRA) benefits under section 509 of the Unemployment Compensation Law.[1] We affirm.

Chandler was employed by Devon Knitwear (employer) as an underpresser for one day, April 26, 1989. On July 25,

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 829.

1989, the board issued an order (first order) denying Chandler unemployment compensation benefits under section 402(b) of the act,[2] finding that she voluntarily separated from employer without good cause. Chandler did not file a timely appeal from the first order.[3]

Chandler filed for TRA[4] benefits with the Office of Employment Security (OES) for weeks ending July 15, 1989, through October 7, 1989. On October 11, 1989, the OES, ruling on the same separation from employer as involved in the first order, denied TRA benefits under section 402(b) of the act, 43 P.S. § 802(b).

Chandler appealed the OES ruling. A referee held an evidentiary hearing on November 21, 1989. On November 28, 1989, the referee affirmed the OES ruling, but disallowed TRA benefits pursuant to section 509 of the act, 43 P.S. § 829, because Chandler's appeal was an impermissible collateral attack on the previous denial of unemployment compensation benefits.[5] Section 509 provides:

§ 509. Finality of decisions

Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

Subject to appeal proceedings and judicial review, any *right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court* and which has become

**2.** 43 P.S. § 802(b).

**3.** Chandler filed an appeal one day late, and we quashed that appeal as untimely at No. 1743 C.D.1989.

**4.** The Trade Act of 1974 (Trade Act), 19 U.S.C. §§ 2101–2487, established a federal program which provides TRA benefits to workers in certain industries who are certified by the Secretary of Labor as persons adversely affected by unfair or injurious import competition. Although it is a federal program, it is administered through the states' unemployment compensation bureaus. *Felcyn v. Unemployment Compensation Board of Review,* 66 Pa.Commonwealth Ct. 583, 445 A.2d 847 (1982).

**5.** We discuss and rule upon this same issue in Chandler's appeal at No. 529 C.D.1990, which we also decide today. 525 Pa.Commonwealth Ct. 214, 580 A.2d 457 (1990).

final shall be conclusive *for all purposes of this act* and shall not be subject to collateral attack as among all affected parties who had notice of such decision ... (emphasis added).

Chandler appealed and requested a remand hearing. The board denied the remand hearing and affirmed the referee's decision, denying benefits under section 509 of the act, 43 P.S. § 829 (second order). It is from this second order that Chandler appeals.

We are unable to discern from Chandler's brief the precise basis for this appeal.[6] However, the board's brief informs us, and the record confirms, that Chandler argues that the board erred by failing to remand for the taking of additional testimony. Apparently, Chandler believes such testimony would prevent her application for TRA benefits from being denied based upon the doctrine of claim preclusion embodied in section 509 of the act.

To be eligible for TRA benefits, an employee must be in a certified industry and must satisfy several requirements established in the Trade Act. Section 2291 of the Trade Act, 19 U.S.C. § 2291, permits an employee to receive TRA benefits if, in part:

(3) such worker—

(A) *was entitled* to ... unemployment insurance for a week within the benefit period (i) in which such total or partial separation took place, or (ii) which began ... by reason of the filing of a claim for unemployment insurance by such worker after such total or partial separation ... (emphasis added).

---

**6.** The brief does not provide an account of the facts leading to this appeal, and does not mention TRA benefits anywhere in the text. In fact, this brief is hardly different from the one submitted by Chandler in her appeal at No. 529 C.D.1990, *supra* n. 5. Counsel should be aware that "there is a direct correlation between the quality of the lawyer's brief and the quality of justice." Aldisert, *The Appellate Bar: Professional Responsibility and Professional Competence—A View from the Jaundiced Eye of One Appellate Judge*, 11 Cap.U.L.Rev. 445, 455 (1982). We believe we have achieved the right result in this case, but we emphasize that we expect more from counsel practicing before this court than briefs which require us to guess whether a litigant has a meritorious argument.

The determination of eligibility for TRA benefits is controlled by the state law requirements for unemployment compensation. Section 2294 of the Trade Act, 19 U.S.C. § 2294, which concerns the application of state laws, provides:

Except where inconsistent with the provisions of this part and subject to such qualifications as the Secretary [of Labor] may prescribe, the availability and disqualification provisions of the State law—

(1) under which an adversely affected worker is entitled to unemployment insurance (whether or not he has filed a claim for such insurance), or

(2) if he is not so entitled to unemployment insurance, of the State in which he was totally or partially separated, shall apply to any worker who files a claim for trade readjustment allowances.

Chandler's application for TRA benefits is based upon her separation from employer. Because the board ruled upon this separation in the first order, section 509 of the act precludes Chandler from bringing her claim for TRA benefits, just as it precludes her from bringing another claim for unemployment compensation benefits.[7] "The federal statute and regulations provide that the disqualifying provisions of state unemployment insurance law also apply to claims for TRA benefits...." *Felcyn v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 583, 586, 445 A.2d 847, 849 (1982) (citing *Mosqueda v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 242, 431 A.2d 371 (1981)).

■ The board's first order was not timely appealed and became final. According to section 509, the unappealed decision of the board "shall be conclusive *for all purposes of this act* and shall not be subject to collateral attack ..." (emphasis added). Because the Unemployment Compensation Law is controlling for applications for TRA benefits, the determination of a worker's eligibility for such benefits

---

7. We also discuss this issue in our opinion today in Chandler's appeal at 529 C.D.1990, *supra* n. 5.

falls within the purposes of the Unemployment Compensation Law. Therefore, the first order disqualifying Chandler from receiving unemployment compensation benefits based upon her separation from employer is also conclusive with respect to her application for TRA benefits based upon the same facts, and the board did not err by applying claim preclusion to Chandler's application for TRA benefits under section 509 of the act, 43 P.S. § 829.

Therefore, we must address Chandler's assertion that the board erred in failing to remand the case for the taking of additional testimony.[8] It is well established that the board has broad discretion to determine whether it will take additional testimony under section 504 of the act, 43 P.S. § 824. *Ferris v. Unemployment Compensation Board of Review*, 45 Pa.Commonwealth Ct. 567, 405 A.2d 1047 (1979). "Administrative rehearings are not matters of right but pleas to the discretion of the agency." *Asplundh Tree Expert Co. v. Unemployment Compensation Board of Review*, 80 Pa.Commonwealth Ct. 7, 9, 470 A.2d 1097, 1098 (1984). In *Calloway v. Unemployment Compensation Board of Review*, 51 Pa.Commonwealth Ct. 263, 414 A.2d 181 (1980), we held that a remand was not necessary to make findings on matters of evidence allegedly disregarded by the board. "While an adjudication must include all findings necessary to resolve issues raised by the evidence which are relevant to the decision, it need not always include findings regarding allegations and defenses raised by a party." *Id.*, 51 Pa.Commonwealth Ct. at 266 n. 3, 414 A.2d at 183 n. 3.

Furthermore, we have stated that the board does not abuse its discretion by denying a claimant a remand hearing where that claimant "fails to show that any evidence will be presented which was not available at the time the matter was initially before the referee." *Pastorius v. Unemployment Compensation Board of Review*, 50 Pa.Common-

**8.** This is also discussed in our opinion today disposing of Chandler's appeal at 529 C.D.1990, *supra* n. 5; however, that discussion is in a different context because in that appeal there is no evidence that Chandler actually asked the board to remand, as she did here.

wealth Ct. 50, 55, 411 A.2d 1301, 1304 (1980) (claimant's request for an opportunity to present additional evidence was denied as vague and nonspecific). In this case, neither Chandler's brief nor the record provides us with the slightest idea of what evidence would be offered upon remand which was not available at the original hearing before the referee. We should not have to guess what Chandler has in mind. In any event, we hold that the board did not err by failing to take additional testimony.

We affirm.

## ORDER

The Order of the Unemployment Compensation Board of Review is affirmed.