**BUREAU OF UNEMPLOYMENT COMPENSATION BENEFITS & ALLOWANCES, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1995.
Decided Nov. 14, 1995.

Jane C. Pomerantz, Deputy Chief Counsel, for petitioner.

Maribeth Wilt–Seibert, Assistant Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and granted James Mayton (Mayton) trade readjustment allowance (TRA) benefits.[1] We reverse.

The undisputed facts are as follows. Mayton was employed by General Glass Industries, Inc. (GGI) in Jeannette, Pennsylvania, until August 27, 1993. On January 31, 1994, the Secretary of Labor certified all workers separated from GGI as "adversely affected" workers eligible for TRA benefits pursuant to Section 231 of the Trade Act, 19 U.S.C. § 2291. Mayton exhausted his rights to Pennsylvania unemployment compensation benefits with the week ending March 5, 1994. Thereafter, Mayton applied for TRA benefits and requested that the training requirement be waived because "of my age of 64. If [sic] complete school of 24 month [sic] I'll be at least 66 years of age." Summary of Interview, May 20, 1994; Reproduced Record (R.R.) at 7a. On May 20, 1994, the Bureau issued a determination denying Mayton's application because Mayton was not "enrolled in a training program approved under the

---

1. The Trade Act of 1974 (Trade Act), 19 U.S.C. §§ 2101–2487 (1986), *as amended*, established a federal program which provides TRA benefits to workers in certain industries who are certified by the Secretary of Labor as persons adversely affected by unfair or injurious import competition. Although it is a federal program, it is administered through the states' unemployment compensation bureaus. *Chandler v. Unemployment Compensation Board of Review*, 135 Pa.Cmwlth. 219, 580 A.2d 460 (1990). (Citation omitted).

Trade Act, [had not] completed such a program since [his] separation, and [was] not issued a waiver of the training program requirement." Entitlement Determination to Trade Adjustment Assistance (TAA)/Trade Readjustment Allowance (TRA), May 20, 1994, at 1; R.R. at 13a.

Mayton appealed the Bureau's determination. A referee held an evidentiary hearing at which neither Mayton nor the Bureau appeared. On July 7, 1994, the referee affirmed the Bureau's determination. Mayton appealed to the Board. On September 12, 1994, the Board issued a decision wherein it concluded "that it is neither feasible nor appropriate to require a sixty-four year old claimant to attend training because the claimant is not situated to take full advantage of the training opportunity." Decision and Order of the Board (Board's Decision), September 12, 1994, at 2. Accordingly, the Board reversed the referee and granted Mayton TRA benefits. The Bureau filed the present appeal to this Court.

■ Before this Court the Bureau raises the following issues: (1) whether the Board's finding of fact No. 6 is supported by substantial evidence; (2) whether the Board's decision is supported by the findings of fact; and (3) whether the Board's decision complies with the laws and regulations governing the Trade Act. This Court's scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether the findings of fact made by the Board and necessary to its adjudication are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). "The prevailing party has the benefit of all reasonable inferences drawn from the evidence, and we are bound by findings of fact supported by substantial evidence." *Sturni v. Unemployment Compensation Board of Review*, 155 Pa.Cmwlth. 501, 625 A.2d 727 (1993).

■ Initially, the Bureau contends that there is no evidence in the record upon which to base the Board's finding of fact No. 6. Finding of fact No. 6 provides: "The claimant is not working and is not interested in training because he is sixty-four years old." Board's Decision at 1; Finding of Fact (F.F.) No. 6. As previously noted Mayton did not appear or testify at the hearing before the referee. Thus, the evidence of record is limited to the pertinent available records. The only evidence of record available to the Board for any findings of fact or legal conclusions were written statements made by Mayton. In a statement made to the Bureau Mayton wrote: "I waiver this because of may age of 64. If complete school of 24 month I'll be at least 66 years of age." Summary of Interview; R.R. at 7a. In his petition for appeal from the referee's decision Mayton wrote: "I am 64, for me to apply and go into training for at least 24 mo. [sic] I'll be 66 yr. old. Will it be feasible to get a job at this age." Petition for Appeal, July 11, 1994; R.R. at 27a. The Bureau contends that this evidence can not support a finding that Mayton is "not interested" in training. We disagree and conclude that the Bureau's argument is without merit.

■ In reversing the referee's decision the Board concluded that because Mayton was 64 years old it was neither "feasible nor appropriate" to require him to attend training because he "is not situated to take full advantage of the training opportunity." Board's Decision at 2. The Bureau contends that the Board's decision is erroneous because there are no findings of fact which support this conclusion. We agree.

Pursuant to Section 231(a)(5) of the Trade Act, 19 U.S.C. § 2291(a)(5), a worker must be enrolled in an approved training program in order to be eligible to receive TRA benefits. Section 231(c)(1)(A) provides that a waiver of this training requirement may be issued if the Secretary finds that it is not "feasible or appropriate" to approve a training program for an individual. The terms "feasible and appropriate" are defined by the applicable regulations as follows:

(A) Feasible. The term feasible means:

(1) training is available at that time which meets all the criteria of Section 617.22(a);

(2) the individual is so situated as to be able to take full advantage of the training

opportunity and complete the training; and

(3) funding is available to pay the full costs of the training and any transportation and subsistence expenses which are compensable.

(B) Appropriate. The term appropriate means being suitable or compatible, fitting or proper.

20 C.F.R. § 617.19(b)(1)(i)(A) and (B).

The only finding of fact which addresses the training program is finding of fact No. 6. However, the fact that Mayton is not interested in training because he is sixty-four does not support the Board's conclusion that it is not "feasible or appropriate" to require Mayton to participate in a training program because he "is not situated to take full advantage of the training program." Board's Decision at 2. The regulations do not require that a claimant utilize the skills acquired from a training program when such program is completed. The regulations suggest that a training program should teach qualified persons skills which will enable them to obtain work in the future. There is no evidence in the record to support a conclusion that Mayton is not qualified for training or that his age precludes him from participating in a training program. Thus, even though the Board's finding of fact No. 6 may be supported by substantial evidence such finding does not support the Board's ultimate conclusion that Mayton is entitled to a waiver because training is not "feasible or appropriate".

■ Lastly, the Bureau contends that the Board's decision is erroneous because it does not comply with the laws and regulations governing the Trade Act. Again, we agree. The Board found that Mayton was not situated to take full advantage of any training opportunity because he would be of retirement age once the training was completed and would not be forced to utilize the skills he acquired. The Board's decision was based solely on Mayton's age. Because age is not a circumstance specified in the regulations which authorizes state agencies to waive the training requirement we conclude that the Board's decision was erroneous.

In defining "feasible and appropriate", 20 C.F.R. § 617.22(a) and (b) include considerations such as the availability of suitable work for the claimant; whether the claimant would benefit from the training; whether there is a reasonable expectation of employment following training; whether the worker is qualified to undertake and complete such training; and whether the claimant is situated to take full advantage of the training. The Board argues that none of the above criteria precludes a consideration of age. We disagree. Mayton is being singled out because of his age. If the shoe was on the other foot and Mayton was denied training necessary to be eligible to receive TRA benefits we would be compelled to conclude that the Board was discriminating. Also, there is nothing in this record to support the assertion the Mayton would reach retirement age by the time he completed a training program.

Accordingly, the decision of the Board is reversed and the referee's decision denying a waiver is reinstated.

### ORDER

AND NOW, to wit, this 14th day of November, 1995, the order of the Unemployment Compensation Board of Review at B–329340, dated September 12, 1994, is reversed and the referee's decision at TRA–94–06–M–0362, dated July 7, 1994, is reinstated.