Reginald D. Chambers, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

318

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Reginald D. Chambers,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 24, 1974:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which disallowed Reginald D. Chambers' (claimant) appeal from a decision of a referee denying him unemployment benefits.

The findings of fact made by the referee, and in effect adopted by the Board, are not seriously disputed by the claimant, and are binding on this Court as supported by substantial competent evidence. *Homony v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 142, 312 A. 2d 77 (1973); *Marcantonio v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 204, 309 A. 2d 462 (1973). Claimant was employed as a driver for the Blue &

White Bus Lines from March 20, 1972, until February 8, 1973, at an hourly wage of $2.34. On this latter date, he was fired for drinking while on duty in direct contravention of the rules of his employer. Claimant admitted that he had an occasional brandy or beer on stopovers, and that his employer had previously warned him that if he was caught drinking *again* he would be fired. Rather, he justified his conduct as that done by all the other bus drivers on his route.

The Bureau of Employment Security, the referee, and the Board each found this conduct to amount to "wilful misconduct," thus disqualifying claimant for compensation under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(e). This bane to the indiscreet provides in pertinent part: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." This Court has repeatedly accepted the judicial interpretation of "willful misconduct" approved in *Harmer v. Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965): "Misconduct within the meaning of an unemployment compensation act excluding from its benefit an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employe's duties and obligations to the employer." *See Sun Shipbuilding & Dry Dock Company v. Unemployment Compensation Board of Review*, 10 Pa. Common-

wealth Ct. 289, 310 A. 2d 449 (1973); *DiAmico v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 286, 310 A. 2d 433 (1973).

It is apparent that the actions of claimant in the instant case fall within this definition of wilful misconduct. The Courts of this Commonwealth have consistently held that an employe who reports for work in an intoxicated condition or imbibes of intoxicating liquor while on the job is guilty of wilful misconduct. *Cornyn v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 447, 316 A. 2d 158 (1974); *Klink v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 62, 289 A. 2d 494 (1972); *Adams v. Unemployment Compensation Board of Review,* 186 Pa. Superior Ct. 417, 142 A. 2d 207 (1958). Significantly in this case, claimant continued to drink after specific and repeated warnings by his employer of the consequences of such behavior, and his drinking while on duty was clearly in violation of Rule 17(c) of the Bus and Taxi-Cab Regulations promulgated by the Pennsylvania Public Utility Commission,[1] and under which his employer was subject as a common carrier.

Notwithstanding his admitted indiscretion, claimant argues before this Court that the Board denied him due process of law by disallowing his appeal without taking additional evidence which he alleges was discovered after his hearing before the referee. Initially, we find it difficult to understand how the Board can be faulted for not hearing additional testimony when claimant never requested a hearing. *See Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973). Claimant apparently relies upon Section 504 of the Unemployment Compensation Law, 43 P.S. §824, which required the Board to "afford the parties and the

---

[1] Adopted April 15, 1946.

department reasonable opportunity for a fair hearing." The Board, however, is not required to provide a hearing as a matter of right, and it may decide an appeal without taking additional evidence or hearing oral argument, 34 Pa. Code §101.104(a); *Lodge v. Unemployment Compensation Board of Review,* 194 Pa. Superior Ct. 626, 169 A. 2d 305 (1961); *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959).[2] Of course, the exercise of this discretion by the Board in not taking additional evidence remains subject to judicial review for abuses thereof, *see Erie Resistor Corporation v. Unemployment Compensation Board of Review,* 194 Pa. Superior Ct. 278, 166 A. 2d 96 (1961), but the record here clearly supports the determination made by the referee and approved by the Board.

Affirmed.

---

[2] Claimant, who quite effectively argued his case before this Court in propria persona, had notice that the Board could dismiss his appeal without a hearing. The appeal form provides on its reverse side: "The Board members review the previously established record in connection with each Petition for a further appeal from the Referee's decision. The Board may allow or disallow any petition for further appeal without hearing solely on the basis of the Petition and the record."