## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Lucille E. Kerstetter, Appellant.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER, and BLATT, sitting as a panel of three.

*Peter B. Macky,* with him *Joseph A. Campagna, Jr.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 23, 1975:

Lucille E. Kerstetter (claimant) was employed by Union Products (employer) as a production worker until January 11, 1974 at which time she was discharged. Her application for unemployment compensation benefits was subsequently approved by the Bureau of Employment Security (Bureau). Upon the employer's appeal, however, a hearing was conducted by a referee who issued a decision reversing the Bureau and denying benefits. The claimant appealed to the Board of Review (Board) which ordered a second hearing, following which the referee's decision was affirmed. The claimant presently appeals to this Court.

Some time in or prior to September of 1973, the claimant entered into an arrangement with her employer whereby she was permitted to arrive at work by 8 o'clock, one hour later than the normal starting time. The employer's superintendent, Mr. Beachy, testified that he spoke with the claimant in December of 1973 about her

late arrivals at work and indicated to her then that this special arrangement for her would have to end. Admittedly, however, he set no deadline for the arrangement's expiration. The claimant denied ever having had such a conversation. Mr. Beachy testified that a further warning was given on January 8, 1974 at which time he handed a written warning slip to the claimant when she reported for work after 7 o'clock. The warning slip read as follows: "Warning of tardiness—If exceeds 3 times, automatic suspension." On the following day, January 9, the claimant did not report for work at all because snowy weather made driving conditions too hazardous. On January 10, she reported at 7:30 o'clock. When she again reported after 7 o'clock on January 11, she was met in the parking lot by Mr. Beachy and notified of her dismissal. Essentially on the basis of this evidence, both the referee and Board held that the claimant was discharged because of her excessive tardiness, that her conduct constituted willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law,[1] 43 P. S. §802(e) and that she was therefore disqualified from receiving benefits.

We recently considered a similar case, *Unemployment Compensation Board of Review v. Schmid.* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). We there recited the familiar definition of willful misconduct and we indicated that, normally, constant tardiness would fall within its meaning. The employer in that case, however, had expressly notified his employees as to how much tardiness would be tolerated before discharge, and we held that he thereby set the standard for willful misconduct relating to tardiness. We further held that if the employee did not breach that standard, even though he was late again, his lateness could not constitute willful

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended.*

misconduct. Here the employer's warning slip clearly indicated that the employee's latenesses would have to *exceed* three before she would be subject to suspension. Obviously at least four such latenesses would be necessary. Yet, despite the clear language of its own warning slip, the employer here discharged the claimant who had been late on only 3 days subsequent to the warning: *i.e.*, January 8, 10 and 11. There is even some question as to whether or not the employer could properly consider January 8 as a late day in the absence of any definite prior warning. Moreover, we are not at all sure that "suspension" within the meaning of the warning slip can be held to mean an outright discharge. Even if we were to resolve both of these issues in the employer's favor, however, the employer nevertheless acted on the basis of only three latenesses and, according to the clear language of its own warning slip, even suspension was not warranted.

In presenting its case before us, the Board attempts to rely to some extent on latenesses prior to January 8. But the employer's witnesses made it clear that the claimant was discharged for lateness on only three dates, January 8, 10 and 11. If the employer did not consider other latenesses as relevant to the reasons for her discharge, neither may the Board.

For the foregoing reasons, we issue the following

ORDER

AND, NOW, this 23rd day of September, 1975, the decision of the Unemployment Compensation Board of Review is hereby reversed, the application for benefits by Lucille E. Kerstetter is approved and her claims for the compensable weeks ending January 12, 1974, January 19, 1974 and January 26, 1974 are granted.