Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Ronald P. Grossman, Appellant.

Argued October 30, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*S. Sanford Kantz,* with him *Levine & Kantz,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*Robert O. Lampl,* for amicus curiae, American Civil Liberties Union.

OPINION BY JUDGE MENCER, January 8, 1976:

Ronald P. Grossman (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board), which denied him unemployment compensation benefits because it found that he had been suspended from his employment with the Pennsylvania State Police as a result of willful misconduct connected with his work.[1]

The law concerning the unemployment compensation concept of willful misconduct is now clearly settled in this Commonwealth. *See Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A. 2d 422 (1974); *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972). For the limited purposes of our discussion here, we merely note that the concept places upon an employer the burden of proving that the discharged employee has deliberately violated the employer's rules or has disregarded the standards of behavior which the employer has the right to expect of his employee. *Chambers, supra.*

---

1. The Board has therefore invoked Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e), which provides in part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e)  In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

The Board is the trier of the facts presented by the parties, and it is, therefore, the Board's responsibility to weigh the evidence and determine the factual findings which can be made from the evidence presented. Since we will not change or alter these determinations, except in cases where the Board has manifestly abused its discretion, our scope of review is limited to questions of law and to a determination of whether the findings of fact can be supported by the evidence. *See, e.g., Houp v. Unemployment Compensation Board of Review*, 20 Pa. Commonwealth Ct. 111, 340 A. 2d 588 (1975) ; *Stiles v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 38, 340 A. 2d 594 (1975).

In this case the alleged conduct of the claimant that led to his suspension grew out of his actions on the night of April 22, 1974 and the morning of April 23, 1974. As a result of certain activities on these dates and at other times subsequent thereto, claimant was charged with six violations of the Code of Conduct of the Pennsylvania State Police and was suspended from his work for 35 days.

In essence, claimant was charged with (1) unbecoming conduct, (2) unauthorized use of firearms, (3) unauthorized use of an official vehicle, (4) excessive off-duty use of alcohol, (5) failure to cooperate with the investigation of his conduct, and (6) failure to report properly when ill.[2]

Claimant has raised in his brief, and the American Civil Liberties Union through an amicus brief has spoken to, some rather profound constitutional questions concerning the relationship of his suspension to the Unemployment Compensation Law. Claimant's main contention is that he was suspended because of his failure to answer questions during an investigation into the other allega-

---

2. The sixth charge arose out of a separate incident and resulted in what was in actuality a separate suspension period for the 5 final days of the 35-day suspension.

tions regarding his behavior. He asserts that such a suspension violated his Fifth Amendment privilege to remain silent during a disciplinary investigation and therefore constitutes a denial of due process under the Fourteenth Amendment to the United States Constitution. The Board, on the other hand, argues that there is sufficient evidence in the record to support the suspension on the basis of any or all of the charges.

Unfortunately for all of the parties to this litigation, we are unable to resolve any of the issues raised in the briefs. The referee made only two findings of fact relevant to our inquiry:

"2.  Claimant was suspended from July 1, 1974 to August 17, 1974 without pay because of violation of the rules and regulations of the State Police Department.

"3.  Claimant was aware, or should have been aware, that such violations would result in his suspension or discharge."

It is impossible for us to exercise our powers of review, or even for the Board to have made its own determinations, based on these two broad and imprecise findings of fact. It was incumbent upon the Board to make findings of the underlying facts from which it could be determined whether or not the claimant's actions could constitute willful misconduct. The findings must be sufficiently definite and specific to enable this Court to pass upon the legal issues raised. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A. 2d 70 (1975).

The above findings are clearly inadequate for the purposes of our review. In fact, they are merely conclusions based on nonexistent factual determinations. It is impossible for this Court to determine any of the key legal issues involved.[3] In recent years this Court has

---

3.  Even the order of the referee, as affirmed by the Board, seems confusing. We are unable to determine why the Board did

been required to remand an ever-increasing number of cases to the Board because of the inadequacies of the factual findings below. *See, e.g., Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A. 2d 794 (1975); *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A. 2d 293 (1975); *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973). Recently, our Supreme Court, in a workmen's compensation case, has reminded us of the desperate need for more detailed and more explicitly relevant findings by administrative factfinders. *See Page's Department Store v. Workmen's Compensation Appeal Board,* Pa. , 346 A. 2d 556 (1975). We cannot overemphasize the strict necessity for explicit, correctly constructed, and relevant findings of fact in administrative appeals.[4] Though we greatly regret the delays that must be incurred by private litigants in proceeding where appellate courts are required to remand cases for additional findings, we are nevertheless compelled to issue the following

## ORDER

AND NOW, this 8th day of January, 1976, the record is remanded to the Unemployment Compensation Board of Review for proceedings not inconsistent with this opinion.

---

not rule on the last two weeks of the suspension period. We additionally note that there is no separate finding concerning the extra 5-day suspension noted in footnote 2 of this opinion.

4. For an example of adequate findings in the unemployment compensation field, see the findings of the Board that we set forth in *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 342 A.2d 781 (1975).