Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Ramon Cardellino, Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Laurence D. Mass,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 25, 1976:

Ramon Cardellino (claimant) has filed this appeal from a decision of the Unemployment Compensation Board of Review (Board), dated July 8, 1975, which affirmed the referee's denial of unemployment compensation benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

The Board's decision contained the following "Findings of Fact":

"1. The claimant was last employed by Gulphwyn Corporation, Merion, Pennsylvania, as a Laborer for four months at $250 per week, and his last day of work was September 18, 1974.

"2. During the course of his employment, claimant was consistently late and received numerous warnings.

---

1. Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides *inter alia,* as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

"3. On September 18, 1974, when claimant failed to heed the warnings of the employer and continued to be late, he was discharged."

In willful misconduct cases, the burden of establishing the claimant's ineligibility is placed upon the employer. Our scope of review is limited to questions of law and to a determination of whether or not the findings of the Board are supported by substantial evidence. The question as to whether or not a claimant's conduct constituted willful misconduct is, of course, one of law and subject to our review. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975) ; *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). And, as we have held previously :

" 'Misconduct within the meaning of an unemployment compensation act excluding from its benefit an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe or negligence in such degree or recurrence, as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employe's duties and obligations to the employer.' " *Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 319, 318 A.2d 422, 423 (1975). (Citations omitted.)

The Board concluded here that the "[c]laimant's conduct in reporting for work late, especially after receiving prior warnings, constitutes willful misconduct in connection with his work." Constant tardiness, of course, can constitute willful misconduct. *Unemployment Compensation Board of Review v. Kerstetter,* 21 Pa. Commonwealth

Ct. 260, 344 A.2d 743 (1975). The Board's findings, however, that the claimant was warned about his lateness and was discharged when he persisted in being late to work thereafter does not detail with sufficient specificality the occurrence or occurrences of lateness which constituted the basis for the finding of willful misconduct. The employer's testimony in the record indicated that the claimant was a laborer, that his job started at 7:00 A.M. and that he had been late for work almost every day for over three months. The claimant testified, on the other hand, that he enjoyed a supervisory position, that he received a salary as opposed to hourly wages (thus supporting this position), that by agreement his job began when he arrived at work, normally between 7:30 A.M. and 7:45 A.M., and that he stayed late most nights, working more than forty hours each week. The Board has failed to make findings as to these and other matters in dispute. It is well established that this Court is bound by findings of the Board which are supported by substantial evidence, but we cannot infer findings which are not actually made.

In *Walton, supra,* 21 Pa. Commonwealth Ct. at 50, 343 A.2d at 72, we found that, as here,

> "the Board's findings do not meet any of the issues raised by claimant that may be legally determinative of a conclusion of willful misconduct pursuant to Chambers, supra. Though findings need not always address themselves to all of the allegations and defenses raised by a claimant, the failure of the Board to address any of the factual issues raised by this claimant certainly makes it impossible to review a legal determination of willful misconduct."

We, therefore, issue the following

ORDER

AND NOW, this 25th day of May, 1976, the appeal by Ramon V. Cardellino is hereby sustained and this action

shall be remanded to the Board for action and determinations consistent with the above opinion.

Judge KRAMER did not participate in this decision in this case.