William A. Walz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges Mencer, Rogers and Craig, sitting as a panel of three.

*Karl W. Wiedt, III*, with him *Savage and Wiedt*, for appellant.

*Elsa Newman*, Assistant Attorney General, with her *James K. Bradley*, Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 29, 1979:

William A. Walz has appealed from an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits on the ground that Walz was guilty of wilful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Walz was employed as a truck loader by the United States Postal Service at the Pittsburgh Bulk Mail Center. He was discharged from his employment for violating the following regulation of the Postal Service:

No employee shall habitually use intoxicating beverages to excess. No employee shall take beer, wine or other intoxicating beverages

while on duty. No employee shall begin his or her return to work while intoxicated. No employee shall drink intoxicating beverages, in public places, while in uniform, unless the Postmaster General specifically authorizes exception as in case, for example, as an official reception. *No employee shall bring any container of beer, wine or other intoxicating beverage on premises, occupied by postal facility,* whether or not the container has been opened. (Emphasis added.)

The circumstances which led to Walz's discharge were as follows: On May 21, 1977, a sergeant in the Mobile Security Patrol of the Post Office was conducting a routine inspection of employees' vehicles in the postal parking lot. He looked into Walz's car with a flashlight and saw a green plastic trash bag on the floor in front of the right front seat which contained empty beer cans and a brown paper bag on the floor in front of the right rear seat which contained beer cans which appeared to the sergeant to contain beer because they were in the familiar "six pack" container. The sergeant called a superintendent to confirm the presence of beer cans in the car and both men testified at the referee's hearing to having seen empty and full beer cans in Walz's car on the night in question.

The issues raised in this appeal are whether there is substantial evidence to support the finding that Walz had containers of beer in his car on his employer's premises and, if he did, whether that action amounts to wilful misconduct. We answer both questions in the affirmative.

Although Walz presented rebuttal testimony and statements of fellow employees who denied that there was any beer in Walz's car, it was the referee's function to resolve questions of credibility and he apparently found the evidence adduced by the employer to be the more credible. Since we find that there is

substantial evidence to support the finding that Walz did have containers of beer in his car while it was on Postal Service premises, we cannot disturb that finding of fact. We also note, in answer to a question raised by appellant, that the presence of the containers of beer in Walz's car together with Walz's admission that he drove the car to work and his presence in the car when he was stopped and questioned are sufficient to support the conclusion that Walz was in possession of the containers of beer.

We also agree with the conclusion that Walz's actions rose to the level of wilful misconduct. The employer had a specific regulation prohibiting the presence of intoxicating beverages on the postal facility premises. Walz was well aware of this regulation having once before been suspended for violating it.

Order affirmed,

ORDER

AND NOW, this 29th day of June, 1979, the order of the Unemployment Compensation Board of Review dated April 12, 1978 denying benefits to William A. Walz is affirmed.