William Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Morton Gordesky,* for appellant.

*Stephen Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 28, 1980:

This is an appeal by petitioner (claimant) from a decision of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee denying benefits. The basis of the denial is Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), willful misconduct connected with work.

The Board found that claimant drank a beer with his lunch and, without consulting a physician, took a pain pill to treat himself for a minor ailment. The combination of the two made claimant dizzy and resulted in his falling to the floor while attempting to operate a press in the course of his employment duties. The Board found that claimant was aware of company policy prohibiting the consumption of alcoholic beverages or medication while on duty in the press room. He was discharged for the infraction of those two rules and for jeopardizing the safety of other employees by working in his condition.

We reject claimant's argument that his single act of taking medication with one beer does not rise to the level of willful misconduct. Drinking intoxicating beverages or consumption of medication in any volume justifies a finding of willful misconduct where the employee is aware of rules prohibiting such conduct.

*Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974). *See also Beres v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 457, 393 A.2d 1073 (1978).

Recently, in *Walz v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 620, 402 A.2d 1146 (1979), we affirmed the denial of benefits based on the violation of the employer's specific rule prohibiting the possession of intoxicants. If it is willful misconduct to possess alcoholic beverages in violation of company rules it is certainly willful misconduct to imbibe such beverages prohibited by the employer.

Accordingly, we will enter the following

ORDER

AND Now, April 28, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-166465, dated December 4, 1978, denying benefits to William Robinson is affirmed.