George S. Haines, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 5, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard L. Orwig,* with him *William W. Runyeon, Edelman, Malsnee & Orwig,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General for respondent.

OPINION BY JUDGE CRAIG, July 15, 1981:

The claimant questions the Unemployment Compensation Board of Review's affirmance of a referee's decision which denied compensation on the basis of the willful misconduct provision of the Unemployment Compensation Law.[1]

The referee found that on March 31, 1980, the employer[2] discharged claimant from his security guard position because, on the previous day, he was intoxicated at work. Here the claimant contends that the record is devoid of substantial competent evidence to support the board's finding.[3] We cannot agree.

The testimony of the claimant's supervisor found credible by the referee is alone sufficient to support the findings of the referee.[4]

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Reading Parking Authority.

[3] Where, as here, the party with the burden of proving willful misconduct prevails before the referee, our scope of review is limited to whether there is substantial competent evidence to support the findings of fact. *Brooks v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 6, 388 A.2d 799 (1978).

[4] The testimony was:

AEW2: We found him intoxicated in the booth a couple different time. As a matter of fact, on that Sunday, he worked one hour on a Sunday.

QR: What Sunday?

The claimant admitted that he had been warned about working while under the influence of alcohol. This court has consistently held that an employee who reports to work in an intoxicated condition or drinks intoxicating liquor while on the job is guilty of willful misconduct. *Robinson v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 72, 414 A.2d 143 (1980).

Accordingly, we affirm the decision of the board.

### ORDER

AND Now, July 15, 1981, the order of the Unemployment Compensation Board of Review, No. B-186853, is hereby affirmed.

---

AEW2: That would have been the 30th of March. I got a call from the Y.M.C.A. stating there's a man laying in one of our booths. They didn't know what he was or who he was. I knew who it was. I went in and it was George. He went home. Everything was thought it was gonna be alright. And . . .

QR: Well, what was the cause . . . was he ill?

AEW2: No, he was not ill. He was intoxicated.