649 A.2d 485

**Dawn M. DeFELICE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 1994.

Decided Oct. 31, 1994.

212

Thomas D. MacMullan, for petitioner.

Sarah Yerger–Nauss, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Dawn M. DeFelice (Claimant) appeals an order of the Unemployment Compensation Board of Review denying her benefits based on a finding of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We vacate the order of the Board and remand for further proceedings consistent with this opinion.

Claimant was last employed as a medical collections clerk by Voluntary Hospitals of America, Inc. (Employer). In early January of 1993, Claimant's doctor determined that she was

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

no longer able to work due to lower back strain associated with her pregnancy. As a result, Claimant began a maternity leave on January 8, 1993, which, the Board found, "was to continue until May 3, 1993."[2] On March 10, 1993, Claimant's baby was born.

From January 18, 1993, through the end of April, Employer attempted to obtain specific information about the nature and status of Claimant's condition. Employer requested this information in order to know if and when Claimant would return to work. According to Employer, Claimant did not respond to these numerous requests for medical information, nor did she provide a release from her doctor allowing her to return to work. Therefore, on April 30, 1993, three days *prior* to the end of her maternity leave, Claimant's position was filled by Employer. All disability payments to Claimant also ceased at this time.

Claimant applied for unemployment benefits and the Office of Employment Security (OES) determined that she was not disqualified under Section 401(d)(1) of the Law (nonavailability) and likewise was not disqualified because of willful misconduct under Section 402(e) of the Law. Employer filed an appeal and a telephone hearing was scheduled before a referee on August 30, 1993. Claimant did not participate in this hearing and asserts that her counsel advised her not to appear because her Employer had agreed as part of the terms of a settlement agreement relating to other litigation not to contest the granting of unemployment benefits to her.[3] Despite this

---

2.  The Board, in its brief, states that the maternity leave was to continue until May 31, 1993. (Respondent's brief at 6.) However, the Board's Findings of Fact, supported by testimony in the record, show that the maternity leave was to continue only until May 3, 1993. (Board's Finding of Fact No. 2; Notes of Testimony at 1, 7.)

3.  This assertion of Claimant, and the facts underlying the reasons for the Claimant's failure to participate in the hearing before the referee, is not part of the actual record in the case, of course, because the Board denied Claimant's application for a remand to place her testimony on record. Claimant, in her brief to this Court, argues that the settlement agreement concerned her claim filed with the Pennsylvania Human Relations Commission alleging sex and pregnancy discrimination and that had she attended the referee's hearing she would have testified that she was in constant contact with her Employer, that she had kept her

alleged agreement, Employer appeared by telephone.[4] The referee, based on testimony solely from Employer's witnesses, reversed OES and denied benefits based on his finding that Claimant was not able and available for suitable work under Section 401(d)(1) of the Law.

Claimant appealed to the Board, requesting that the decision be reversed or that the case be remanded so that she would have an opportunity to testify and present evidence. *Claimant produced for the Board at that time a signed statement by Employer acknowledging that it consented to the reversal or remand of the referee's decision.* Nevertheless, despite this agreement of Employer, the Board denied Claimant's request to remand the case and affirmed the referee's decision denying benefits based on willful misconduct under Section 402(e). This appeal followed.

Claimant raises three issues on appeal: (1) whether the Board committed an error of law in denying Claimant's request to remand this matter to the referee based on Section 701 of the Law;[5] (2) whether the Board abused its discretion in refusing to remand this matter to the referee; and (3) whether the Board's determination that Claimant's conduct constituted willful misconduct was supported by substantial evidence.

Since we find that the Board committed an error of law in denying Claimant's request to remand the case to the referee, we need only address Claimant's first issue.

■ The Board has in its discretion the power to remand a case for the taking of additional evidence, 34 Pa.Code § 101.104, *Browning–Ferris Industries v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 1, 532 A.2d 1266 (1987), *petition for allowance of appeal denied,*

Employer informed of her medical condition, and that she "fully expected to return to work after [her maternity] leave expired."

4. Claimant contends that the Employer's presence at the hearing was a mistake resulting from Employer's initial confusion over the terms of the settlement agreement.

5. 43 P.S. § 861.

518 Pa. 628, 541 A.2d 1139 (1988), and ordinarily, the Board's decision not to remand a case will be upheld by this Court. *Harrison v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 129, 457 A.2d 238 (1983). However, where the Board has committed an error of law, its decision must be reversed. *Chambers v. Unemployment Compensation Board of Review,* 13 Pa.Commonwealth Ct. 317, 318 A.2d 422 (1974).

■ We find that the Board did commit an error of law when it refused to remand the case to the referee based on Section 701 of the Law which provides:

> No agreement by an employe to waive, release, or commute his rights to compensation, or any other rights under this act, shall be valid. No agreement by an employe or by employes to pay all or any portion of an employer's contributions, required under this act from such employer shall be valid. No employer shall, directly or indirectly, make or require or accept any deduction from the remuneration of individuals in his employ to finance contributions required from him under this act, **or require or accept any waiver by an employe of any right hereunder.** Any employer or officer or agent of an employer who violates any provision of this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced for each offense to pay a fine of not less than one hundred dollars nor more than one thousand dollars, or be imprisoned for not more than six months, or both.

43 P.S. § 861 (emphasis added).

The Board determined that this Section "of the Law [made] the Employer's consent to reverse or remand this matter ... null and void." (Board opinion at 2.) Consequently, the Board gave no consideration to either the alleged settlement agreement existing between Employer and Claimant prior to the referee's hearing or to the letter subsequently sent by

Employer consenting to the reversal or remand of the case to the referee.[6]

We conclude that the Board's interpretation of Section 701 of the Law was erroneous. Because it is a penal provision, Section 701 must be strictly construed. Section 1928 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928. Section 701 is clearly intended to protect the rights of employees. It prohibits an employee from agreeing to relinquish rights under the Law, and the employer may not "require or accept any waiver by an employe of any [such] right." 43 P.S. § 861; *Williams v. Unemployment Compensation Board of Review,* 193 Pa.Superior Ct. 320, 164 A.2d 42 (1960). The Claimant in this case waived nothing. Neither an agreement *by an employer* not to oppose the granting of unemployment compensation, nor *an employer's* consent to have a case remanded to a referee are contrary to Section 701 because they would not diminish the rights of a *claimant,* but rather, would protect a claimant's rights to unemployment compensation. Since the Board's decision to deny Claimant a remand was based upon a misapplication of Section 701, we hold that it erred in failing to remand this case to the referee, and hence, the Board's order must be vacated and the matter remanded for further proceedings consistent with this opinion.

On remand, we further instruct the Board that it must determine whether the *agreement* not to contest the Claim-

**6.** It is important to distinguish between the letter which Employer sent *after* the Referee's hearing and any agreements which may have been made prior to that time. Obviously, only an agreement existing prior to the hearing could have given the Claimant a reason for failing to appear. The letter from Employer would have no bearing on Claimant's failure to appear except as evidence to substantiate the existence of the preexisting agreement. Unfortunately, the Board in its decision blurs the distinction between the two. In its Findings of Fact, the Board found: "The Claimant did not appear at the Referee's hearing because she was advised to do so by her attorney. The attorney gave this advice because the employer consented to reverse or remand claimant's matter." (Board's Finding of Fact No. 10.) This finding is self-contradictory. *Before* the referee's hearing there was nothing to be reversed and no appeal to be remanded. The Board is referring to the letter sent by Employer which was not in existence before the appeal to the Board. Therefore, the Board's Finding of Fact No. 10 is not supported by substantial evidence.

ant's claim in fact existed. While an employer's agreement not to contest unemployment benefits does not establish in and of itself that an employee is eligible for benefits, it is not irrelevant to the proceeding. In this case, the existence and terms of the agreement would be probative for showing *why* Claimant failed to attend the hearing before the referee. If the Board finds that there was such an agreement, it must determine whether under the circumstances this agreement gave Claimant "proper cause"[7] to miss the original hearing. If Claimant did have proper cause, then she is entitled to a new evidentiary hearing at which she can present evidence rebutting the charges of willful misconduct and nonavailability. *See Ortiz v. Unemployment Compensation Board of Review*, 85 Pa.Commonwealth Ct. 327, 481 A.2d 1383 (1984).

Moreover, if Claimant had been granted maternity leave to May 3, 1993, why did Employer fill the position on April 30th? Claimant apparently never informed Employer that she would not return to work and Employer knew that Claimant's leave was the result of pregnancy and that she gave birth on March 10, 1993. Presumably, any health problems associated with Claimant's pregnancy would have disappeared when her pregnancy ended and, again presumably, she would have been able to return to work. Although Employer presented testimony that Claimant failed to respond to requests for medical information, it is still confusing to us why additional medical information was needed or why Claimant's position had to be filled before the end of her approved leave. If Employer was not acting in good faith or if Claimant were misled, even inadvertently, about her duties while on maternity leave, then Claimant would not be ineligible for unemployment benefits based on willful misconduct. Therefore, if on remand it is determined that the Claimant had "proper cause" to miss the original hearing, we instruct the Board to determine (1) whether Employer followed its existing policy in good faith; (2) whether Claimant failed to comply with the reasonable

---

**7.** 34 Pa.Code § 101.51. This section provides, in pertinent part: "If any party duly notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence."

requests of Employer under such a policy; and (3) whether Claimant had good cause not to comply with these requests.

### ORDER

NOW, October 31, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and this case is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.