IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John S. Kirchner,                          :
                    Petitioner             :
                                           :
          v.                               :    No.  919 C.D. 2020
                                           :
Unemployment Compensation                  :    Submitted:  May 27, 2022
Board of Review                            :
                    Respondent             :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: May 17, 2023


          John S. Kirchner (Claimant) petitions for review, *pro se*, of the August 21,
2020 order of the Unemployment Compensation (UC) Board of Review (Board), which
affirmed the Referee's decision that Claimant was ineligible for unemployment
benefits under Section 402(e) of the UC Law (Law), 43 P.S. § 802(e), relating to willful
misconduct.[1]  Upon review, we affirm.

          I.     BACKGROUND AND PROCEDURAL HISTORY

          Claimant worked for the 911 Emergency Call Center for Lehigh County
(Employer), full-time, as a Communications Center Shift Supervisor from January 16,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e),
which states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . 
. . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful
misconduct. . . ."

1984 until January 21, 2020. (Finding of Fact (F.F.) No. 1.) On January 21, 2020, Claimant was discharged for violating Employer's zero-tolerance policy (Alcohol Policy), which prohibits employees from possessing, dispensing, and consuming alcohol while at work. (F.F. No. 8.)

On January 23, 2020, Claimant applied for UC benefits and submitted a benefits questionnaire. Claimant was asked several questions on the benefits questionnaire regarding his discharge and his knowledge of Employer's Alcohol Policy. Claimant was questioned and answered as follows:

> Q: Were you discharged or suspended as a result of a rule violation?
> A: Y
> Q: Were you aware of this rule violation?
> A: Y
> Q: Was this rule uniformly enforced?
> A: No
> Q: If no, please explain.
> A: I WAS NOT OFFERED THE OPTION OF RESIGNATION AS 7 OTHER EMPLOYEES WERE
> Q: Did violation of the rule require a discharge of suspension?
> A: Y
> Q: What was the rule that you were accused of violation?
> A: USE, POSSESSION, SALE OR DISTRIBUTION OF ALCOHOL BEVERAGES DURING WORK HOURS

(Certified Record (C.R.) at 10) (emphasis in original.) On February 7, 2020, the local service center determined that Claimant was ineligible for benefits under Section 402(e) of the Law, and Claimant appealed.

A Referee conducted a hearing on March 12, 2020. Employer admitted Claimant's initial claims form and Employer's disciplinary procedures and policies. (Notes of Testimony (N.T.) at 2.) Marc Redding, Employer's human resources

2

director, testified that on January 10, 2020, he received an anonymous letter that eleven employees consumed alcohol on the premises during work hours on New Year's Eve. (N.T. at 3.) Mr. Redding testified that 3 of the 11 employees, including Claimant, were supervisors who were dismissed because they were "held to a higher standard because no one objected to the actions they took that night." (N.T. at 4.) During Employer's investigation, Claimant admitted to consuming "more than one shot" of alcohol. (N.T. at 4.)

Additionally, Mr. Redding testified that Employer's Alcohol Policy prohibits employees from possessing, dispensing, and consuming alcohol while working. (N.T. at 4-5.) The Alcohol Policy is a "second group offense" which is subject to immediate dismissal. (N.T. at 5.) Mr. Redding testified that "[Claimant] was aware of the policies when he was hired; however, the policies were updated in 2008." *Id.* When the policies were updated in 2008, Claimant signed an acknowledgment form that he received a new policies and procedures manual and signed that he knew or should have been aware of the policy. *Id.* Employer introduced into evidence a copy of the signed policies and procedures manual acknowledgment form dated December 30, 2008, on which Claimant "assume[d] responsibility for reading, understanding, and following the policies and procedures contained herein." (C.R. at 120.) Moreover, Mr. Redding testified that all policies are available on the intranet employee account and that employees could access the policies there or request copies. (N.T. at 7.) Mr. Redding stated that Employer considered the safety-sensitivity of his position as a shift supervisor, which requires him to be "clear in thought while working there by answering distress calls," and did not consider the amount he drank. (N.T. at 51.)

In an effort to establish that Employer tolerated infractions, Claimant testified that there were two other incidents of the Alcohol Policy not being enforced. Specifically, Claimant stated there were wrapped alcohol bottles under the Christmas

3

tree for a secret Santa gift exchange and an alcoholic mixed drink in the refrigerator in the break room. (N.T. at 17-21.) Claimant stated that, to his knowledge, no employees were disciplined for these violations. (N.T. at 22.) Additionally, Claimant recalled one other instance where the Alcohol Policy was not enforced in the fall of 2019, in which an employee was gifted a wrapped bottle of liquor. (N.T. at 23.) Claimant stated that he had access to the intranet but had not accessed Employer's policies. (N.T. at 26.) Claimant testified that even though he was a supervisor, he was unaware of Employer's Alcohol Policy. *Id.* In complete contradiction to that testimony, he answered on cross-examination that on the benefits questionnaire, he was aware of the Alcohol Policy at the time he applied for UC benefits. *Id.* During the hearing, Claimant questioned and testified as follows:

> [Q:] Okay. So I believe this was Service Center Exhibit #7, the Internet Claim. Question #12 that you answered, were you aware of the policy? And I believe you stated yes. Isn't that correct?
>
> [A:] That's what I replied there. Yes, I did, but that was not what I was thinking of at the time.
>
> [Q:] Okay. So you were aware of the policy, and you said yes.
>
> [A:] At - - that's what I clicked on, yes.

*Id.*

The Referee affirmed the service center's determination that Claimant was ineligible for UC benefits. The Referee found Mr. Redding's testimony credible that Employer has a policy that prohibits employees from possessing, distributing, or using alcohol while at work. (Referee's decision at 2.) The Referee rejected Claimant's

4

testimony that he was unaware of Employer's Alcohol Policy and concluded that because Claimant was a 36-year employee and a supervisor, he was or should have been aware of Employer's rules/policies and how to access them. *Id.* The Referee further determined that "[C]laimant, as a supervisor, bore responsibility to help [Employer] enforce this policy" and his "participation in violating that policy and not reporting prior violations he witnessed is conduct below the standard an employer can reasonably expect from its employees." *Id.*

Claimant appealed to the Board and by a decision and order dated August 21, 2020, the Board affirmed the Referee's decision and adopted the Referee's finding of fact and legal conclusions. (Board's decision at 1.) In addition, the Board specifically relied on Claimant's admission in the benefits questionnaire that he knew of the Alcohol Policy and that he consumed alcohol during his work shift. *Id.* The Board stated that it could not conclude, based on the evidence provided by Claimant, that Employer was aware of employees consuming alcohol while on duty or that Employer condoned consumption of alcohol on the job. *Id.* The Board also credited Employer's testimony that the Alcohol Policy was consistently enforced. *Id.*

## II.   ISSUES

On appeal,[2] Claimant asserts the Board erred as a matter of law in denying his claim for UC benefits under Section 402(e) of the Law.[3] From what this Court can surmise from Claimant's brief, Claimant is arguing that his actions did not constitute

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

[3] The issues as set forth in Claimant's brief, are as follows: whether the Board erred in concluding that he violated Employer's Alcohol Policy during work hours and whether the Board erred in concluding that he is ineligible for benefits under the provisions of Section 402(e). (Claimant's Br. at 6.)

5

willful misconduct because he was unaware of the Alcohol Policy and that Employer inconsistently enforced it, thus rendering it a nullity.

## III. DISCUSSION

### A. Willful Misconduct

In his first issue, Claimant argues that Employer failed to meet its burden of proving willful misconduct. Specifically, Claimant contends that he was not aware of Employer's policies thus, could not have committed willful misconduct. Initially, we recognize:

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Department of Transportation v. Unemployment Compensation Board of Review*, 755 A.2d 744, 747–48 n. 4 (Pa. Cmwlth. 2000) (citation omitted). Where an employer asserts a violation of its rule or policy as willful misconduct, the employer has the burden to show that the claimant was aware of the work rule and the claimant violated the rule. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 16 (Pa. Cmwlth. 2009); *Melomed v. Unemployment Compensation Board of Review*, 972 A.2d 593, 594 (Pa. Cmwlth. 2009); *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568 (Pa. Cmwlth. 2007). "The employer must present evidence that the claimant intentionally or deliberately violated the rule." *Tongel v.*

*Unemployment Compensation Board of Review*, 501 A.2d 716, 717 (Pa. Cmwlth. 1985). A claimant cannot be found to have willfully or intentionally violated a rule of which he was unaware. *Id.* Our courts have repeatedly held that consuming intoxicants at any volume justifies a finding of willful misconduct where the employee is aware of a rule prohibiting such conduct. *See Robinson v. Unemployment Compensation Board of Review*, 414 A.2d 143 (Pa. Cmwlth. 1980); *Walz v. Unemployment Compensation Board of Review*, 402 A.2d 1146 (Pa. Cmwlth. 1979); *Chambers v. Unemployment Compensation Board of Review*, 318 A.2d 422 (Pa. Cmwlth. 1974).

In addition, it is well-settled that the Board is the ultimate finder of fact in unemployment compensation proceedings, and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383 (Pa. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207 (Pa. Cmwlth. 1988). Thus, in the face of conflicting evidence, the Board exercises its discretion to resolve conflicts, and its credibility determinations "are not subject to re-evaluation on judicial review." *Peak*, 501 A.2d at 1388. Findings of fact are conclusive upon review provided that the record, taken as a whole, contains substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977). This Court must examine the evidence in the light most favorable to the party that prevailed before the Board and give that party the benefit of all inferences that can be logically and reasonably drawn from the testimony. *Id.*

Here, there is no dispute regarding the reasonableness of Employer's Alcohol Policy. We also conclude that there is substantial evidence of record supporting the finding that Claimant was aware of the Alcohol Policy. Employer's human resources director, Mr. Redding, testified credibly that in 2008, Claimant was made aware of all Employer policy updates and that he was given a copy of the policies

7

and signed an acknowledgment form that he had received the policies. The Alcohol Policy states that consuming alcohol during work warrants discharge.

Moreover, Claimant admitted that he was aware of the Alcohol Policy. Specifically, in Claimant's benefits questionnaire he was asked: "[w]ere you discharged or suspended as a result of a rule violation?" to which Claimant answered "Y." (C.R. at 10.) Claimant was then asked a follow-up question, "[w]ere you aware of this rule violation?" to which he responded "Y." *Id.* The Board found, based on this evidence, that Claimant was aware of Employer's Alcohol Policy. The Board deemed Claimant's testimony that he was unaware of the Alcohol Policy not credible. Credibility determinations are exclusively within the province of the Board as fact finder in unemployment compensation cases. *Peak*; *Chamoun.* We do not disturb the Board's credibility determination. Employer met its burden of proving that Claimant was aware of Employer's Alcohol Policy, which warrants discharge.

Additionally, during Employer's investigation, Claimant admitted he drank alcohol with other employees at the 911 Call Center. Because Claimant was a supervisor, he was responsible for enforcing all of Employer's policies. It almost goes without saying that consuming any amount of alcohol while working as a supervisor at the 911 Call Center is inimical to Employer's interests. It is elementary that all employees at the 911 Call Center, regardless of their hierarchical role, must be clear of thought and free of the influence of any amount of intoxicants, even absent such a policy like Employer's Alcohol Policy. Based on this substantial evidence, the Board concluded that Claimant committed willful misconduct, and, therefore, was ineligible for UC benefits under Section 402(e) of the Law. 43 P.S. § 802(e).

Accordingly, we conclude that there is substantial record evidence to support the conclusion that Claimant committed willful misconduct.

8

**B. Inconsistent Enforcement**

Notwithstanding his admitted alcohol consumption, Claimant argues that Employer inconsistently enforced its Alcohol Policy because there were other undisciplined violations.

Where, as here, an employer proves a rule violation, the burden shifts to the claimant to prove he had good cause for his willful misconduct. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). A claimant may show good cause by demonstrating the uneven or inconsistent enforcement of a policy. "Inconsistent enforcement of a work rule defeats the existence of the work rule." *Allen v. Unemployment Compensation Board of Review*, 189 A.3d 1128, 1136 (Pa. Cmwlth. 2018) (internal citations omitted). "Inconsistent enforcement occurs where an employer enforces a rule so inconsistently that it no longer appears to be a rule that employees must follow." *Gordon Terminal Service Co. v. Unemployment Compensation Board of Review*, 211 A.3d 898, 900 (Pa. Cmwlth. 2019).

To defend his willful misconduct, Claimant argues Employer inconsistently enforced its Alcohol Policy and testified to several incidents where alcohol has been present at the workplace without discipline. The Board rejected Claimant's argument that Employer inconsistently enforced its Alcohol Policy and explained:

> Claimant admitted he was aware of [E]mployer's work rule and that [C]laimant consumed alcohol while on duty in violation of that work rule. On appeal, [C]laimant argues that the Referee erred by not accepting [C]laimant's witnesses' testimony regarding [C]laimant's knowledge of the work rule and [E]mployer's uniformed enforcement of the work rule. However, [C]laimant admitted that the 911 [Call] [C]enter had only conducted a secret Santa gift exchange for one prior year and, at the previous year's secret Santa, [C]laimant and his coworkers did not consume alcohol. **Therefore, based on [C]laimant's evidence, the Board**

9

**cannot conclude that [E]mployer was aware of employees consuming alcohol while on duty or that [E]mployer condoned consumption of alcohol on the job. The Board finds [E]mployer's testimony credible that the work rule was consistently enforced and accepts its version of events.**

(Board decision at 1) (emphasis added).

The Board determined that Claimant's testimony did not credibly show that Employer inconsistently enforced its policy. The Board is empowered to resolve conflicts in the evidence. *Serrano v. Unemployment Compensation Board of Review*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016). "Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board and are not subject to reevaluation on judicial review." *Id.* (quoting *Peak*, 501 A.2d at 1388). Because Claimant failed to establish that he had good cause to violate Employer's work rule, the Board correctly concluded that Claimant engaged in willful misconduct.

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the Board's decision.

_____
PATRICIA A. McCULLOUGH, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John S. Kirchner,                          :
              Petitioner        :
                                :
          v.                            :    No.  919 C.D. 2020
                                :
Unemployment Compensation        :
Board of Review                          :
              Respondent       :

## ***ORDER***

AND NOW, this 17th day of May, 2023, the August 21, 2020 Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge